UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-CR-0047-CVE |
| ) | |
| GUY MARC DUCASSE, ) | |
| a/k/a Guy Marc Ducasse, Sr., ) | |
| a/k/a Duke Ducasse, ) | |
| a/k/a Duke, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is defendant's Motion to Continue All Scheduling Deadlines (Dkt. # 11). Defendant requests a continuance of the jury trial set for June 15, 2009 at 9:30 a.m. and has executed a speedy trial waiver (Dkt. # 12). On April 10, 2009, the Grand Jury returned an indictment charging defendant with five counts of possessing with intent to distribute or distributing a Schedule III controlled substance and one count of tampering with a witness, victim, or informant. Defendant is a professional body builder who allegedly distributed steroids and human growth hormones from 2006 through 2008. Defense counsel states that he needs additional time to prepare for trial due to his unfamiliarity with sport of body building, the number and location of witnesses, and the amount and complexity of the discovery produced by the government. Defendant requests a 60 day extension of all deadlines in the scheduling order. The government does not oppose defendant's request for a continuance.

Defendant's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a

continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute permits a court to consider whether "the failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In this case, defense counsel states that he is unfamiliar with the sport of body building and he requires additional time to research his client's sport to competently represent him at trial. Dkt. # 11, at 1. He also states that he has been unable to ascertain the identity and location of witnesses, because many of the events alleged in the indictment occurred over three years ago. Id. at 1-2. Discovery recently produced by the government has identified at least twenty potential witnesses, but defense counsel states that these witnesses are located in Oklahoma, Texas, Arkansas, New Jersey, North Carolina, and Maryland and it will take time to locate and interview them. Id. at 2. In addition, some of the alleged sources of the controlled substances are no longer in business or are located in foreign countries, and this has delayed counsel's investigation. Id.

Given the combination of factors cited by defense counsel, the Court finds that an ends of justice continuance is appropriate under the circumstances. Defense counsel's request for additional time to prepare for trial is reasonable, and defendant has executed a speedy trial waiver (Dkt. # 12)

asking the Court to exclude any period of delay for an ends of justice continuance. In addition to the interests of the defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that defendant's Motion to Continue All Scheduling Deadlines (Dkt. # 11) is **granted**. The jury trial set for June 15, 2009 at 9:30 a.m. is **stricken**. The following amended scheduling order is hereby entered:

| | |
|---|---|
| Motions due: | July 9, 2009 |
| Responses due: | July 23, 2009 |
| PT/CP/Motions Hearing: | July 30, 2009 at 9:30 a.m. |
| Voir dire, jury instructions, and trial briefs due: | August 10, 2009 |
| Jury Trial: | August 17, 2009 at 9:30 a.m. |

**IT IS FURTHER ORDERED** that the time between June 15, 2009 and August 17, 2009 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 23rd day of April, 2009.

*Claire V Eagan*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT