UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-CR-0047-CVE |
| ) | |
| GUY MARC DUCASSE, ) | |
| a/k/a Guy Marc Ducasse, Sr., ) | |
| a/k/a Duke Ducasse, ) | |
| a/k/a Duke, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court are Defendant's Motion to Dismiss Counts I Through V of the Indictment for Multiplicity (Dkt. # 18) and Defendant's Motion to Dismiss Counts I Through IV of the Indictment for Duplicity (Dkt. # 20). Defendant claims that the indictment does not state sufficient facts to allow him to determine whether he is being charged in separate counts for the same alleged criminal conduct or if separate crimes are being charged in one count of the indictment.

On April 10, 2009, a sealed indictment was returned by the grand jury charging defendant with five separate counts of possessing with intent to distribute and/or distributing various Schedule III controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D). Dkt. # 2. The indictment charges as follows:

- Count One - "Between in or about 2006 and April 8, 2008 . . . the defendant . . . did knowingly and intentionally possess with the intent to distribute [14 Schedule III controlled substances] . . . ."

- Count Two - "In or about 2006 . . . the defendant . . . did knowingly and intentionally distribute [ten Schedule III controlled substances] . . . ."

- Count Three - "In or about 2007 . . . the defendant . . . did knowingly and intentionally distribute [ten Schedule III controlled substances] . . . ."

- Count Four - "In or about March 2007 . . . the defendant . . . did knowingly and intentionally distribute [four Schedule III controlled substances] . . . ."

- Count Five - "In or about November/December, 2007 . . . the defendant . . . did knowingly and intentionally distribute Stanolozol, a/k/a "Winstrol," a Schedule III controlled substance . . . ."

Dkt. # 2, at 1-6. Defendant is also charged in Count Six with tampering with a witness in violation of 18 U.S.C. § 1512(b)(3).

An indictment may be dismissed under Fed. R. Crim. P. 12(b) if the facts alleged in the indictment fail "to invoke the court's jurisdiction or state an offense." When reviewing a motion under Rule 12(b), a court must make all factual inferences in favor of the government and assume that the government could prove all of the facts alleged in the indictment at trial. United States v. Jeronimo-Bautista, 425 F.3d 1266, 1267 (10th Cir. 2005). An indictment is sufficient if it:

> (1) contains the essential elements of the offense intended to be charged, (2) sufficiently apprises the accused of what he must be prepared to defend against, and (3) enables the accused to plead an acquittal or conviction under the indictment as a bar to any subsequent prosecution for the same offense.

United States v. Hall, 20 F.3d 1084 (10th Cir. 1994). The purpose of a motion to dismiss under Rule 12 is not to challenge the strength or weakness of the government's case, but merely to determine whether the indictment states an offense. United States v. Todd, 446 F.3d 1062 (10th Cir. 2006).

Defendant argues that Counts One through Five of the indictment violate the rule against multiplicity, because he states that he is unable to ascertain whether he is being charged for the same crime in separate counts. "Multiplicity refers to multiple counts of an indictment which cover the same criminal behavior." United States v. Meuli, 8 F.3d 1481 (10th Cir. 1993) (quoting United States v. Dashney, 937 F.2d 532, 540 n.7 (10th Cir. 1991)). The Tenth Circuit has stated that:

> "The test [for multiplicity] is whether the individual acts [alleged in the counts at issue] are prohibited, or the course of [conduct] which they constitute." If the former, then each act is punishable separately. If the latter, there can be but one penalty. Where multiplicitous convictions are found, "the only remedy . . . is . . . to vacate one of the underlying convictions as well as the . . . sentence based upon it.

United States v. Barrett, 496 F.3d 1079, 1095 (10th Cir. 2007). If multiple counts actually cover the same alleged criminal conduct, the Court must determine whether Congress intended for multiple convictions and sentences under the applicable statute. United States v. Morehead, 959 F.2d 1489, 1506 (10th Cir. 1992). Multiplicity is not fatal to the indictment as a whole and results only in dismissal of one of the multiplicous counts. Barrett, 496 F.3d at 1095.

The Court finds that the indictment does not violate the rule against multiplicity, and none of the charges will be dismissed on this ground. The indictment is not as ambiguous as defendant suggests, and it reasonably puts defendant on notice of the dates and substances involved in separate drug transactions alleged in the indictment. In Count One, defendant is charged with possessing with intent to distribute Schedule III controlled substances and, in Counts Two through Five, defendant is charged with distributing Schedule III controlled substances on at least four separate occasions. As defendant acknowledges, possession with intent to distribute and distribution are separate charges under § 841(a)(1), and separate charges for these acts do not violate the Double Jeopardy Clause. Dkt. # 19, at 2 (citing United States v. Gore, 154 F.3d 34 (2d Cir. 1998)). Section 841 is also clear that each transaction is a separate crime under the statute. Thus, Count One does not violate the rule against multiplicity as to any other count. As to Counts Two through Five, each count alleges that defendant distributed Schedule III controlled substances on different dates and that different substances were involved, and none of these counts raises a concern that defendant is being charged with separate crimes for the same conduct. Therefore, the government has not charged

defendant with multiple charges based on the same conduct, and his motion to dismiss for alleged multiplicity should be denied.

Defendant also argues that the government has charged multiple crimes in each of counts One through Four of the indictment, and has violate the rule against duplicity. A charge is duplicitous if it joins two or more offenses in the same count. United States v. Trammell, 133 F.3d 1343, 1354 (10th Cir. 1998). There are three dangers that could result from a duplicitous indictment: "(1) a jury may convict a defendant without unanimously agreeing on the same offense; (2) a defendant may be prejudiced in a subsequent double jeopardy offense; and (3) a court may have difficulty determining the admissibility of evidence." Id. (quoting United States v. Wiles, 102 F.3d 1043, 1061 (10th Cir. 1996)). Duplicity may be cured by a pretrial motion asking the government to elect which crime it intends to prove at trial or with jury instructions requiring unanimous findings on the underlying factual allegations. United States v. Gann, 159 Fed. Appx. 57 (10th Cir. Jan. 9, 2006).[1]

Defendant states that he is faced with two "distinct possibilities" due to the method of charging, and he is unable to prepare a defense to the charges in the indictment as currently alleged. Dkt. # 21, at 2. First, he claims that the government could be charging him with possessing and distributing at the same time all of the substances alleged in Counts One through Four. Second, he claims that the government could be charging him with numerous criminal acts occurring at different times within the overall time period alleged. Id. The government responds that Count One charges defendant with unlawfully possessing with intent to distribute Schedule III controlled substances,

---

[1]     Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

4

and Counts Two through Five charge defendant with distributing the substances on separate dates. The Court has reviewed Counts One through Four of the indictment, and finds that the none of these counts should be dismissed due to duplicity. As noted above, Count One charges defendant with possession with to distribute 14 Schedule III controlled substances, and Counts Two through Five charge defendant with distributing Schedule III controlled substances on different dates, and these are separate offenses under the Double Jeopardy Clause. Defendant has a legitimate concern that Counts One through Four charge him with possessing or distributing up to 14 separate substances at various times, because the jury may convict him without unanimous agreement as to which substance defendant possessed or distributed for each count. However, the possibility that the government may introduce evidence that defendant sold different substances as a basis for conviction as to any particular count can be cured with jury instructions concerning unanimity and verdict forms with interrogatories, and the Court routinely uses such instructions and verdict forms in drug cases involving multiple controlled substances. Jury instructions and interrogatories, rather than dismissal of any count, is the appropriate remedy for any difficulty caused by the government's method of charging in this case, and defendant's motion to dismiss for duplicity should be denied.[2]

---

[2]   The utility of alleging the possession or distribution of various Schedule III controlled substances in one count is apparent, because it spares defendant from preparing a defense to an overwhelming number of charges. For example, if the government charged defendant in separate counts with possession of each separate substance, he would be facing 14 counts of possession with intent to distribute, in addition to numerous other charges.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Counts I Through V of the Indictment for Multiplicity (Dkt. # 18) and Defendant's Motion to Dismiss Counts I Through IV of the Indictment for Duplicity (Dkt. # 20) are **denied**.

**DATED** this 28th day of July, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT